IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MATTHEW B. MOONEY, | § | |
| | § | No. 560, 2017 |
| Plaintiff Below, | § | |
| Appellant, | § | Court Below: Superior Court of the |
| | § | State of Delaware |
| v. | § | |
| | § | C.A. No. N17C-01-374 |
| E.I. DU PONT DE NEMOURS AND | § | |
| COMPANY, | § | |
| | § | |
| Defendant Below, | § | |
| Appellee. | § | |

Submitted: June 8, 2018
Decided: August 13, 2018

Before **STRINE**, Chief Justice; **SEITZ** and **TRAYNOR**, Justices.

**O R D E R**

(1)     In a Superior Court civil action, the defendant, E.I. du Pont de Nemours and Company ("DuPont"), filed a motion to dismiss a complaint brought by the plaintiff, Matthew B. Mooney. Mooney alleged that he had been fraudulently induced to buy shares of DuPont stock having relied on allegedly false statements made by DuPont's officers. During the proceedings on the motion to dismiss, Mooney asked the Superior Court to grant him leave to amend the complaint in the event the complaint was dismissed.

(2)     On November 28, 2017, after full briefing and oral argument on DuPont's motion to dismiss, the Superior Court issued a decision that dismissed the

complaint for failure to adequately plead a claim for fraud and denied the request for leave to amend.[1] Mooney's sole argument on appeal is that the Superior Court's denial of his request for leave to amend the complaint was an abuse of discretion.

(3) After carefully considering the parties' briefs on appeal and the record below, we can find no error in the Superior Court's denial of Mooney's request for leave to amend the complaint. As reflected in the Superior Court's decision, the complaint was dismissed on the merits, after full briefing and oral argument, for Mooney's failure to identify "any contemporaneous factual allegations suggesting [that] DuPont's officers made false statements knowingly or with lack of good faith."[2] Given Mooney's failure to identify any actionable misstatements of fact, despite having had ample opportunity to do so during the course of the proceedings, it was reasonable for the Superior Court to conclude that granting him leave to amend the complaint would be futile and a waste of resources.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[1] 2017 WL 5713308 (Del. Super. Ct. Nov. 28, 2017).
[2] *Id.* at *1.

2